UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIS HERRERA ROJAS,<br><br>            Plaintiff,<br><br>    v.<br><br>SONOMA COUNTY, *et al.*,<br><br>            Defendants.<br>_____/ | No. C-11-1358 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 12)** |

## I.   FACTUAL & PROCEDURAL BACKGROUND

Artemis Herrera Rojas has filed suit against Defendants Sonoma County, the Sonoma County Sheriff's Department, Sheriff Steve Freitas (in his official capacity only), and Deputy Sheriff Clark (both in his official and individual capacity) based on an alleged assault that took place in the Sonoma County courthouse on July 27, 2009. Currently pending before the Court is Defendants' motion to dismiss. Having considered the parties' briefs, as well as oral arguments of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' motion.

In his complaint, Mr. Rojas alleges as follows.

On July 27, 2009, Mr. Rojas was in the courtroom of Judge Elliott Dawn, making an appearance to defend a second offense of driving with a suspended license. During the hearing, he spoke in a low voice to his public defender. Deputy Clark told Mr. Rojas to lower his voice, which he did. Nevertheless, a few seconds later, Deputy Clark approached Mr. Rojas, accused him of saying, "Fuck you," and tackled him to the floor. *See* Compl. ¶¶ 10-15. Deputy Clark and five other deputies then proceeded to beat him. *See* Compl. ¶ 16. During the assault, one of the deputies

placed his foot on the plaintiff's neck, and another hit him in the eye. *See* Compl. ¶ 17. In addition, one of the deputies called him a murderer and gang member, and another said, "Hit him again, so he can go back to Mexico." Compl. ¶¶ 18-19. After the assault, Mr. Rojas was taken back to a cell where he remained for three months awaiting a court date. His bail was set at $1,300, but he was not allowed to post bail due to an unexplained immigration hold. After six weeks of custody, Mr. Rojas was told that the immigration hold was removed and that he could post bail. *See* Compl. ¶¶ 20-22.

Based on the above allegations, Mr. Rojas has asserted the following causes of action:

(1)   Violation of 42 U.S.C. § 1983 against Deputy Clark (in both his official and individual capacity) based on the Fourth Amendment, the Equal Protection Clause, the Due Process Clause, and the constitutional right to privacy.

(2)   Violation of §1983 against Sheriff Freitas (in his official capacity only) based on the same.

(3)   Violation of § 1983 against Sonoma County based on the same.

(4)   Assault and battery against Deputy Clark (in both his official and individual capacity).

(5)   False imprisonment against Deputy Clark (in both his official and individual capacity).

(6)   Intentional infliction of emotional distress against Deputy Clark (in both his official and individual capacity).

(7)   Negligent infliction of emotional distress against Deputy Clark (in both his official and individual capacity).

(8)   Violation of California Civil Code § 51.7 against Deputy Clark (in both his official and individual capacity).

(9)   Violation of California Civil Code § 52.1 against Deputy Clark (in both his official and individual capacity).

(10)  Negligence against Deputy Clark (in both his official and individual capacity).

In the currently pending motion to dismiss, Defendants challenge each of the causes of action above except for the claim for negligence.

///

///

///

## II. DISCUSSION

A.  Legal Standard

"A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F3d. 1116, 1122-23 (9th Cir. 2008) (internal citations omitted).  In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.* at 1949.

B.  Section 1983 Claims

1.  Duplicative § 1983 Claims

As noted above, Mr. Rojas has asserted § 1983 claims against Deputy Clark (in both his official and individual capacity), Sheriff Freitas (in his official capacity only), and the County. Because Sheriff Freitas is being sued in his official capacity only, the claim against him amounts to a claim against the County.  Accordingly, the Court dismisses the § 1983 claim against Sheriff Freitas as duplicative of the claim against the County. *See Luke v. Abbott,* 954 F. Supp. 202, 204 (C.D. Cal. 1997) (noting that, "[i]f only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant"); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 998 (N.D. Cal. 1996) (dismissing claims against individuals sued in official capacities as duplicative where municipal agency also being sued).

As for the Sheriff's Department, the Court notes that, although named as a defendant, no cause of action has been formally asserted against it. To the extent Mr. Rojas intended to assert a § 1983 claim against the Sheriff's Department, that claim would also be duplicative of the claim against the County. *See id.* at 996 (dismissing the Santa Clara County Department of Corrections from a § 1983 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not"); *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) (noting that, "although some courts have overlooked it, naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality").

Therefore, the only § 1983 claims that the Court must address are those asserted against Deputy Clark (official and individual capacity) and the County.

2. <u>Section 1983 Claims Against Deputy Clark in His Official Capacity</u>

As noted above, Deputy Clark is being sued in both his official and individual capacity. The Court addresses first the § 1983 claim against Deputy Clark in his official capacity only.

As the Ninth Circuit has noted, § 1983 claims "against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002). According to Mr. Rojas, Deputy Clark's governmental employer is the County, and therefore the § 1983 claim against Deputy Clark in his official capacity is a claim against the County. The County argues otherwise. More specifically, the County contends that, because Deputy Clark was providing courtroom security services only, and, not, *e.g.*, investigatory services, the true governmental employer was not the County but rather the state, and, under the Eleventh Amendment, the state is immune from suit.

In resolving this issue, the Court looks to the Supreme Court's decision in *McMillian v. Monroe County*, 520 U.S. 781, 783-84 (1997). In *McMillian*, the Supreme Court had to decide whether Alabama sheriffs, when executing their law enforcement duties, were representatives of the state or their counties. The Court held that they were the former based on provisions in the Alabama constitution as well as provisions in the state code. *See id.* at 793. The Court made a point of noting that state law was not dispositive – state law, for example, could not "simply label as a state official an official who clearly makes county policy. But our understanding of the *actual function* of a

4

1 governmental official, in a particular area, will necessarily be dependent on the definition of the
2 official's functions under relevant state law." *Id.* at 786 (emphasis added).  As the Ninth Circuit
3 held in *Streit v. County of Los Angeles*, 236 F.3d 552, 560 (9th Cir. 2001), "[a]lthough we must
4 consider the state's legal characterization of the government entities which are parties to these
5 actions, federal law provides the rule of decision in section 1983 actions."

6 In the instant case, the parties have acknowledged that *McMillian* provides the guiding
7 principles.  Their briefing focuses on two conflicting decisions that applied the principles in
8 *McMillian*, *i.e.*, *Brewster v. Shasta County,* 275 F.3d 803 (9th Cir. 2002), and *Venegas v. County of*
9 *Los Angeles*, 32 Cal. 4th 820 (2004).

10 In *Brewster*, the Ninth Circuit held that, in California, a sheriff does not represent the state
11 but rather the county when he or she investigates a crime.  *See id.* at 805.  The court pointed out,
12 *inter alia*, that the California constitution "identifies the sheriff as a county officer," that California
13 Government Code § 25303 specifies that "[t]he board of supervisors shall supervise the official
14 conduct of all county officers," and that counties pay § 1983 claims instead of the state.  *Brewster*,
15 275 F.3d at 807-09.  In *Venegas*, decided two years later, the California Supreme Court reached the
16 opposite conclusion – *i.e.*, determined that, in California, sheriffs represent the state and not the
17 county when it comes to investigatory functions.  The California Supreme Court emphasized that,
18 under the California constitution and Government Code, the Attorney General has direct supervision
19 over sheriffs.  The court also interpreted California Government Code § 25303 differently than the
20 Ninth Circuit, highlighting in particular that part of the statute providing for the investigatory
21 independence of sheriffs.  *See Venegas*, 32 Cal. 4th at 833-34.

22 In the wake of *Brewster* and *Venegas*, California district courts have split on whether a
23 sheriff represents the state or the county when conducting a law enforcement investigation.[1]  In this

---

[1] In supplemental briefing, Defendants pointed to one such decision, that the Sheriff is a state actor when investigating crime, made very recently by Judge Phyllis Hamilton in this District in *Canon v. Petaluma,* Case No. 4:11-cv-00651-PJH.  There, the Defendants made an argument, similar to the one made by Defendants in this case, that the Sonoma County Sheriffs Department and named Sheriffs in their official capacity were state actors under *Venegas* and according to District Court precedent.  Defs'. Mot. to Dismiss at 12, Docket No. 38,Case No. 4:11-cv-00651-PJH. The court agreed and granted the motion to dismiss.  Order on Defs' Mot. to Dismiss, Docket No. 82,Case No. 4:11-cv-00651-PJH.

instant case, however, the Court need not address this split in authority because here, the actual function of the governmental official that the Court is examining is not Deputy Clark's investigatory services but rather his role in providing courtroom security services. Thus, *Brewster* and *Venegas* have limited relevance. *McMillian* remains the critical case.

As noted above, under *McMillian*, to determine whether a governmental official should be considered a representative of either a state or a local entity, a court must consider the actual function of the governmental official, and state law will often provide guidance on this matter. In their papers and at oral argument, Defendants pointed out that, under California Government Code § 77200, the state has sole responsibility for the funding of court operations and, under § 72115, court-related services that were formerly provided by marshals are now provided by sheriffs. *See* Cal. Gov't Code § 77200 (providing that "the state shall assume sole responsibility for the funding of court operations, as defined in Section 77003"); *id.* § 77003 (defining court operations to include "[t]hose marshals and sheriffs as the court deems necessary for court operations"); *id.* § 72115 (a) (referring to "the abolition of the marshal's office and the transfer of court-related services provided by the marshal within the county to the sheriff's department"). Therefore, state law establishes that sheriffs – and thus deputies as well – function as representatives of the state and not the county when providing courtroom security services. Mr. Rojas has not pointed to any state law or, for that matter, any other authority to the contrary. In the absence of any such authority, the Court concludes that Defendants have adequately established that Deputy Clark, in providing courtroom security services, was acting as a representative of the state, and not Sonoma County, and therefore, a suit against Deputy Clark in his official capacity amounts to a suit against the state, which is barred by the Eleventh Amendment.

3. <u>Section 1983 Claim Against Sonoma County</u>

Because Deputy Clark was acting as a representative of the state, and not the County, there are no factual allegations to support a § 1983 claim against the County. The Court therefore dismisses the § 1983 claim against the County on that basis, without entertaining the parties' dispute over the level of specificity needed to establish municipal liability under *Twombly* and *Iqbal*.

### 4. Section 1983 Claim Against Deputy Clark in His Individual Capacity

Because the § 1983 claims against the County are dismissed, the only remaining § 1983 claims are those against Deputy Clark in his individual capacity. As noted above, the § 1983 claims against Deputy Clark are predicated on the Fourth Amendment, the Equal Protection Clause, the Due Process Clause, and the constitutional right to privacy. In their papers, Defendants challenge only the claims based on the Equal Protection Clause, the Due Process Clause, and the constitutional right to privacy. Each of those claims is addressed below.

#### a. Equal Protection Clause

Mr. Rojas claims first that Deputy Clark violated his right to equal protection. "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994).

The Court agrees with Defendants that, in his complaint, Mr. Rojas fails to make any allegation that Deputy Clark acted with an intent to discriminate on an impermissible basis. While other deputies allegedly made statements that arguably show a discriminatory intent – *e.g.*, one deputy said, "Hit him again, so he can go back to Mexico," and another deputy called him a murderer and gang member – there is nothing to indicate that Deputy Clark made a similar type of comment to Mr. Rojas. Nor is there anything in the complaint to suggest that the statements of the other deputies may fairly be attributed to Deputy Clark. Accordingly, the Court grants the motion to dismiss the equal protection claim asserted against Deputy Clark in his individual capacity. The dismissal is without prejudice. *See Nordyke v. King*, 644 F.3d 776, 788-89 (9th Cir. 2011) (stating that a complaint should be dismissed with prejudice only if it could not be saved by amendment); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (noting that leave to amend should be granted unless amendment would be futile).

///

///

### b. Due Process Clause

In his opposition, Mr. Rojas concedes that his due process claim against Deputy Clark is based on the deputy's use of force. In light of this position, the Court agrees with Defendants that the due process claim should be dismissed because, under *Graham v. Connor*, 490 U.S. 386 (1989), a claim for excessive force is properly analyzed under the Fourth Amendment's objective reasonableness standard rather than under a substantive due process standard. *See id.* at 388; *see also County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (stating that, "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process"). The dismissal is with prejudice. *See, Lopez,* 203 F.3d at 1129 (noting that "district courts are only required to grant leave to amend if a complaint can possibly be saved.").

### c. Constitutional Right to Privacy

Finally, Mr. Rojas contends that his constitutional right to privacy was violated as a result of Deputy Clark's actions. Defendants argue that there no factual allegations in the complaint to suggest that Deputy Clark violated Mr. Rojas's right to a zone of privacy. The Court agrees. As a general matter, zone of privacy claims are based on "two distinct kinds of constitutionally-protected privacy interests: 'One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions.'" *Fern v. United States Trustee (In re Crawford),* 194 F.3d 954, 958 (9th Cir. 1999). Neither interest is implicated based on the allegations in the complaint. Moreover, because the Court does not see how this claim could be saved by an amendment, the dismissal is with prejudice.

C. State Law Claims

As noted above, each of the state law claims has also been challenged by Defendants, with the exception of the claim for negligence.[2] The state law claims have been asserted against Deputy Clark in both his official and individual capacity. To the extent claims have been made against

---

[2] In their reply brief, Defendants do challenge the negligence claim on the ground specified in Part II.D.1, *infra*; however, they failed to make that argument in their opening brief even though they could have. Moreover, the Court rejects on the merits the argument made by Defendants in Part II.D.1, *infra*.

Deputy Clark in his official capacity, the Court construes the claims as claims against the County under a respondeat superior theory.

1. <u>Claims for Assault and Battery, False Arrest/Imprisonment, and Intentional and Negligent Infliction of Emotional Distress</u>

Defendants argue that the claims for assault and battery, false arrest/imprisonment, and intentional and negligent infliction for emotional distress – as asserted against the County – should all be dismissed because, under California Government Code § 815(a), "a public entity is not liable for an injury" except as provided by statute, Cal. Gov't Code § 815(a), and, in his complaint, Mr. Rojas fails to identify any statute providing for liability. In response, Mr. Rojas contends that the statute providing for liability is California Government Code § 815.2(a), which provides in relevant part that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of employment." Cal. Gov't Code § 815.2(a).

At the hearing, Defendants conceded that § 815.2(a) is a basis to hold the County liable, and therefore the Court shall not dismiss the state law claims identified above. The Court also notes that its ruling here is consistent with *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202 (1991), in which the California Supreme Court stated: "Since the enactment of the California Tort Claims Act in 1963 (§ 810 et seq.), a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct."[3] *Id.* at 215; *see also de Villers v. County of San Diego*, 156 Cal. App. 4th 238, 247 (2007) (noting that, for direct liability to obtain against a governmental agency, there must be a specific statute declaring the entity to be liable or at least creating some specific duty of care; however, vicarious liability is possible under § 815.2). Where vicarious liability is alleged and "the question of whether a legal duty exists is analyzed under general principles of tort law." *Munoz v. City of Union City,* 120 Cal. App. 4th 1077, 1093 (Cal. App. 1st Dist. 2004).

---

[3] Thus, to the extent Judge Koh held in *Von Haar v. City of Mountain View*, No. 10-CV-02995-LHK, 2011 U.S. Dist. LEXIS 19789, at *18-20 (N.D. Cal. Mar. 1, 2011), that § 815.2(a) is not enough to establish liability, the Court respectfully disagrees.

### 2. False Arrest/Imprisonment Claim

Defendants argue that, even if the false arrest/imprisonment claim against the County is not dismissed pursuant to § 815, the claim should still be dismissed – both as to the County and Deputy Clark in his individual capacity – because Mr. Rojas has failed to state a claim for relief. More specifically, Defendants assert that Mr. Rojas has failed to allege that he was arrested or imprisoned as a result of the events that took place on July 9, 2009.

In his opposition, Mr. Rojas admits that he was legally in custody at the time of the incident but claims that, nevertheless, he was still unlawfully imprisoned because Deputy Clark confined him by preventing him from conferring with his attorney and tackling him to the ground.[4]

The Court does not find Mr. Rojas's position persuasive. A claim for false imprisonment requires that the confinement last "for an appreciable length of time, however short." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994). While there is no bright line as to what constitutes an appreciable length of time, it appears that the amount of time recognized by a court as a false imprisonment is a matter of minutes. *See id.* (citing *Alterauge v. Los Angeles Turf Club*, 97 Cal. App. 2d 735 (1950)). The incident at issue here which Mr. Rojas alleges constituted the false arrest occurred in a matter of seconds. More importantly, as alleged, there is nothing to indicate that Deputy Clark intended to prevent Mr. Rojas from conferring with his attorney or to otherwise confine him; rather, his alleged intent was simply to assault Mr. Rojas – *i.e.*, any confinement was incidental to the assault and battery and/or use of excessive force. The Court therefore dismisses the false arrest/imprisonment claim but without prejudice.

### 3. Section 52.1 Claim

California Civil Code § 52.1 provides for liability where a person interferes by threats, intimidation, or coercion, or attempts to interfere by such means, with rights protected by federal or state law. *See* Cal. Civ. Code § 52.1(a). In their motion, Defendants argue that the § 52.1 claim should be dismissed, both as to the County and Deputy Clark in his individual capacity, because Mr. Rojas has failed to allege that the deputy's actions were racially motivated.

---

[4] Mr. Rojas does not appear to argue that he was falsely imprisoned as a result of the immigration hold, nor could he because there is nothing to suggest Defendants bore any responsibility for that federal action.

This argument lacks merit. Nothing in the language of § 52.1 requires that a party asserting a claim under the statute be a member of a protected class. Furthermore, the case cited by Defendants, *Boccato v. City of Hermosa Beach*, 29 Cal. App. 4th 1797 (1994), is no longer good law. While the *Boccato* court did hold that "a plaintiff who brings an action under Civil Code section 52.1 must be a member of one of the classes protected by Civil Code section 51.7," "in 2000, . . . the Legislature enacted [a bill] to explain that *Boccato* erred in that assumption, and to clarify that Civil Code section 52.1 applies to an affected plaintiff 'without regard to his or membership in a protected class.'" *Venegas*, 32 Cal. 4th at 842.

The Court, therefore, denies the motion to dismiss the § 52.1 claim – at least to the extent the claim is not predicated on a violation of equal protection. To the extent the § 52.1 claim is predicated on a violation of equal protection, then the claim is dismissed without prejudice: Mr. Rojas will need to include allegations showing intentional discrimination by Deputy Clark on the basis of, *e.g.*, race.

4. <u>Section 51.7 Claim</u>

According to Defendants, not only the § 52.1 claim but also the § 51.7 claim should be dismissed – both as to the County and Deputy Clark – based on Mr. Rojas's failure to allege that the deputy's actions were racially motivated. Unlike § 52.1, § 51.7 does include language referring to a protected class. More specifically, the statute provides, in relevant part, that all persons in the state "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property . . . on account of any characteristic listed or defined in subdivision (b) or (e) or Section 51 . . . or because another person perceives them to have one or more of those characteristics." Cal. Civ. Code § 51.7(a). Under § 51(b) and (e), one of the protected characteristics is race. *See id.* § 51(b)(e).

Because § 51.7 does require membership in a protected class, Defendants' argument that Mr. Rojas's allegations are insufficient to allege discrimination has merit. As noted above, there is nothing in the complaint to establish that Deputy Clark, as opposed to one of the other deputies, acted with a racially discriminatory intent. The dismissal is without prejudice.

### D. Injunctive Relief

As a final point, the Court addresses Defendants' contention that, for either the federal or state claims, there is no basis for Mr. Rojas's request for prospective injunctive relief as a remedy. The Court agrees with Defendants that, based on the allegations in the complaint, there is nothing to justify the request for injunctive relief. Under Supreme Court precedent, a plaintiff must establish standing to obtain injunctive relief, and "'[past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). That is, a plaintiff must make a showing that he or she "is realistically threatened by a repetition" of the alleged violation. *Id.* at 109.

Here, Mr. Rojas has made no such showing. Moreover, it is unlikely that he would be able to make such a showing. In *O'Shea v. Littleton*, 414 U.S. 488 (1974), the plaintiffs brought suit against a magistrate and circuit court judge, alleging that they had engaged in a pattern and practice of misconduct consisting of illegal bond-setting, sentencing, and jury-free practices in criminal cases. The Supreme Court held that the plaintiffs had failed to establish standing for injunctive relief because "attempting to anticipate whether and when [the plaintiffs] will be charged with crime and will be made to appear before either [defendant] takes us into the area of speculation and conjecture." *Id.* at 497. Thus, "the threat of injury . . . [was] simply too remote to satisfy the case-or-controversy requirement and permit adjudication by a federal court." *Id.* at 498. Mr. Rojas's allegations fare no better than that of the plaintiffs in *O'Shea*. There is nothing to indicate a sufficient likelihood that he will suffer similar alleged misconduct by deputy sheriffs again.

Accordingly, the Court shall strike the claim for prospective injunctive relief. While the Court does not bar Mr. Rojas from asserting a claim for such relief in an amended complaint, he is advised that any claim for such relief must be supported by factual allegations establishing standing to pursue that remedy.

///

///

///

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part.

More specifically, with respect to the federal claims, the § 1983 claims against the County, the Sheriff's Department, the Sheriff, and Deputy Clark in his official capacity are dismissed with prejudice. The § 1983 claims against Deputy Clark in his individual capacity are also dismissed (except for the claim based on the Fourth Amendment which was not challenged by Defendants); the equal protection-based claim is dismissed without prejudice; the due process and right-to-privacy-based claims are dismissed with prejudice.

As for the state claims, the false arrest/imprisonment claim is dismissed without prejudice, as is the § 52.1 claim (to the extent it is based on a violation of equal protection) and the § 51.7 claim.

The motion to dismiss the other state claims is denied.

Finally, the request for prospective injunctive relief is stricken without prejudice.

For those claims where dismissal is made without prejudice, Mr. Rojas has leave to file an amended complaint to address the deficiencies identified above. The amended complaint shall be filed within twenty (20) days of the date of this order.

This order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: October 21, 2011

EDWARD M. CHEN
United States District Judge

13